United States Bankruptcy Court
Eastern District of Pennsylvania

In re:　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 17-15406-ref
Margaret M. Demieri　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4　　　　User: Keith　　　　Page 1 of 1　　　　Date Rcvd: Apr 03, 2018
　　　　　　　　　　　　　　Form ID: pdf900　　Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 05, 2018.
db　　　　　　+Margaret M. Demieri,    585 Carol Lane,    Bath, PA 18014-8889

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

　　　　　***** BYPASSED RECIPIENTS *****
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 05, 2018　　　　　　　　　　　　　　　　　　　Signature:　/s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 3, 2018 at the address(es) listed below:
　　　　　FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,    ecf_frpa@trustee13.com
　　　　　KEVIN G. MCDONALD    on behalf of Creditor    U.S. Bank, N.A. as Trustee bkgroup@kmllawgroup.com
　　　　　KEVIN G. MCDONALD    on behalf of Creditor    U.S. Bank N.A., as trustee, on behalf of the holders
　　　　　　of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates,
　　　　　　Series 2006-NC1 bkgroup@kmllawgroup.com
　　　　　LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
　　　　　　ecf_frpa@trustee13.com
　　　　　MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. Bank N.A., as trustee, on behalf of the
　　　　　　holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through
　　　　　　Certificates, Series 2006-NC1 bkgroup@kmllawgroup.com
　　　　　MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. Bank, N.A. as Trustee bkgroup@kmllawgroup.com
　　　　　ROBERT   GLAZER    on behalf of Debtor Margaret M. Demieri usbcglazer@gmail.com
　　　　　United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Margaret M. Demieri a/k/a Margaret Demieri<br>　　　　　　　　　Debtor | CHAPTER 13 |
| U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-NC1 Asset Backed Pass-Through Certificates, Series 2006-NC1<br>　　　　　　　　　Movant<br>　　vs. | NO. 17-15406 REF |
| Margaret M. Demieri a/k/a Margaret Demieri<br>　　　　　　　　　Debtor | 11 U.S.C. Sections 362 and 1301 |
| Robert G. Demieri　　　Co-Debtor | |
| Frederick L. Reigle<br>　　　　　　　　　Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$13,447.00**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 1, 2017 through March 1, 2018 at $1,921.00/mo. |
| **Total Post-Petition Arrears** | **$13,447.00** |

2. The Debtor shall cure said arrearages in the following manner:

　　a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$13,447.00**.

　　b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$13,447.00** along with the pre-petition arrears;

　　c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due April 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,921.00 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 13, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant

Date: 3/20/18

Robert Glazer, Esquire
Attorney for Debtor(s)

Date: 3/30/18

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this 3 day of April, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Richard E. Fehling